STEPHEN C. GREBING, ESQ., 005972
WINGERT GREBING BRUBAKER & JUSKIE LLP
One America Plaza, Seventh Floor
600 West Broadway
San Diego, CA 92101-3370
Telephone: (619) 232-8151
Facsimile: (619) 232-4665

JAY KENYON, ESQ., 6376 NV
7881 W. Charleston Blvd. Suite 165
Las Vegas, NV 89117
Telephone: (702) 888-0000
Facsimile: (702) 888-0011

Attorneys for Plaintiff
**EVE BORTON, Individually and on Behalf of all Others Similarly Situated**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EVE BORTON, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTERSTATE ACQUISITIONS, LLC, a Delaware limited liability company; INTERSTATE PLUMBING & AIR CONDITIONING, LLC, a Nevada limited liability company; PIPEWRENCH II, INC., a Delaware Corporation; G-2 CAPITAL ADVISORS, business entity form unknown; SANKATY ADVISORS, LLC a Delaware limited liability company; and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**VIOLATION OF THE FEDERAL WORKERS ADJUSTMENT AND RETRAINING NOTIFICATION ACT (WARN ACT, 29 USC § 2101 ET SEQ.)**<br><br>[DEMAND FOR JURY TRIAL] |

Plaintiffs, by and through their undersigned counsel, as and for their Class Action Complaint against Defendants INTERSTATE ACQUISITIONS, LLC, a Delaware limited liability company; INTERSTATE PLUMBING & AIR CONDITIONING, LLC, a Nevada limited liability company; PIPEWRENCH II, INC., a Delaware Corporation; G-2 CAPITAL ADVISORS, business entity form unknown; SANKATY ADVISORS, LLC a Delaware limited liability company; and DOES 1-100, inclusive, (the "Defendants"), allege as follows:

1

**NATURE OF THE ACTION**

1. This is a class action for the recovery by the Plaintiffs, on their own behalf and on behalf of approximately 300 other similarly situated former employees (collectively the "Class", as defined below) for damages in the amount of 60 days' compensation and benefits for each of them by reason of the Defendants' violation of their rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act"). The Defendants were a "single employer" under the WARN Act and are liable under the WARN Act for Defendants' failure to provide the Plaintiffs and the other similarly situated former employees at least 60 days advance notice of termination, as required by the WARN Act.

**JURISDICTION**

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).

3. The violation of the WARN Act alleged herein occurred, in among other areas, this District.

4. Venue in this Court is proper pursuant to 29 U.S.C. § 2104 (a) (5).

**PARTIES**

5. On information and belief, at all relevant times, Defendant Interstate Plumbing & Air Conditioning, LLC ("Interstate") is a Nevada limited liability company in the business of providing plumbing, heating and air conditioning services, specializing in residential and multi-family housing as well as larger commercial construction and tenant improvement projects.

6. On information and belief, at all relevant times, Defendant Interstate Acquisitions, LLC ("Interstate Acquisitions") is a Delaware limited liability company that owns one-hundred percent of the shares of Interstate.

7. On information and belief, at all relevant times, Defendant Pipewrench II, Inc. ("Pipewrench") is a Delaware corporation that owns the controlling shares of Interstate Acquisitions.

8. On information and belief, Sankaty Advisors, LLC is a Delaware limited liability corporation and was, at all times alleged herein, the collateral agent for Pipewrench and was responsible for the administration and management of the collateral issued to Interstate Acquisition

2

on behalf of Pipewrench.

9. On information and belief, Defendant G2 Capital Advisors is a Massachusetts limited liability corporation and was at all times alleged herein, retained by Pipewrench and Sankaty to provide interim management of Interstate, Interstate Acquisitions and their related subsidiaries; as well as representation on the Board of Directors for Interstate Acquisitions.

10. On information and belief, at all relevant times, Defendants, as a single employer, maintained and operated their corporate headquarters at 7201 W. Post Rd., Las Vegas, NV 89113 (hereinafter "The Facility").

11. On information and belief, on or about August 9, 2011, Defendants employed approximately 375 persons at The Facility.

12. Plaintiff Eve Borton was employed by Defendants as an Office Assistant. Plaintiff was subsequently terminated on August 19, 2011, without receiving the requisite 60-day notice.

13. On August 8, 2011, Defendants through Tim Durkin, managing director of G2 and Board Member of Interstate Acquisitions, called a mandatory meeting with all of Defendants' employees, including Plaintiffs and the Class, and orally informed them that Interstate and its related subsidiaries and affiliates would be ceasing operations. On August 9, 2011, Defendants sent a memorandum to some members of the class that stated:

> Interstate Plumbing & Air Conditioning, along with affiliates and subsidiaries, has temporarily suspended operations in light of the current financial circumstances surrounding the company. While we are assessing our next steps, we will not have work for our employees subject to further direction.

14. On August 12, 2011, Plaintiff and other members of the Class received a document entitled "lay-off slip" that was attached to their paycheck. This document did not provide any direction regarding the reason for the "layoff." Instead it merely stated under the section entitled "Reason for Change in Employment Status (be detailed) - Layoff." Attached as Exhibit "1" is the August 12, 2011 Employee Layoff/Quit Termination Form.

15. On August 19, 2011, Interstate permanently closed and shut down its entire operation. Thereafter, Plaintiffs and other members of the Class received a letter from Defendants dated August 29, 2011 regarding, "Notice of Facility Closing." Attached as Exhibit "2" is a true and correct copy

3

of this letter. This letter states: "It is with regret that I inform you that Interstate Plumbing & Air Conditioning, LLC (the "Company") will be permanently closing and shutting down its entire new commercial and residential construction business located at 7201 W. Post Road Las Vegas, NV 89113 starting August 19 [sic], 2011."

16. As a result of the actions of Defendants as set forth below, approximately 300 other similarly situated Class Members who had been working at the Facility were terminated without cause and without receiving 60-day advance notice of termination.

## CLASS ACTION ALLEGATIONS

17. Plaintiffs bring this action as a class action under Federal Rule of Civil Procedure 23(a), (b)(1) and (3) and the WARN Act 29 U.S.C. § 2104(a)(5).

18. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees who were terminated from employment as a result of the permanent closure of Defendants' entire commercial and residential construction business, without being provided sixty (60) days written notice of a plant closing before the date of their termination, or at all. Plaintiffs reserve the right to modify the class based on further investigation, discovery, or other relevant developments.

19. Plaintiffs and class members are "affected employee(s)" subject to an "employment loss," as those terms are defined in the WARN Act, 29 U.S.C. § 2101(a)(5) and (6).

20. Plaintiffs' claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

21. The members of the class exceed 100 in number, and joinder is therefore impracticable. The precise number of class members and their addresses are readily determinable from the books and records of Defendants.

22. There are common questions of fact and law as to the class that predominate over any questions affecting only individual class members. The questions of law and fact common to the class arising from Defendants' actions include, but are not limited to, the following:

    a. Whether the provisions of the WARN Act apply;

    b. Whether Defendants' employee terminations on or about August 8, 2011, and

1  within 90 days thereafter, constitute a "termination" and/or "mass layoff" under the WARN Act;

2        c.    Whether Defendants failed to provide Plaintiffs the notice required by the
3  WARN Act (29 U.S.C. § 2102(b));

4        d.    Whether Defendants can avail themselves of any of the provisions of the
5  WARN Act permitting lesser periods of notice;

6        e.    The appropriate formulae to measure damages under the WARN Act (29
7  U.S.C. § 2104(a)); and

8        f.    The appropriate definitions and formulae to measure payments to potentially
9  offset damages under the WARN Act (29 U.S.C. § 2104(a)(2)).

10    23.    The questions set forth above predominate over any questions affecting only
11 individual persons, and a class action is superior with respect to considerations of consistency,
12 economy, efficiency, fairness and equity, to other available methods for the fair and efficient
13 adjudication of the WARN Act claims.

14    24.    A class action is the superior method for the fair and efficient adjudication of this
15 controversy. Defendants have acted or refused to act on grounds generally applicable to the class.
16 The presentation of separate actions by individual class members could create a risk of inconsistent
17 and varying adjudications, establish incompatible standards of conduct for Defendants, and/or
18 substantially impair or impede class members' ability to protect their interests.

19    25.    Plaintiffs are affected employees who were terminated by Defendants between August
20 8, 2011 and August 19, 2011, without being provided the notice required by the WARN Act. They
21 are thereby members of the class. Plaintiffs are committed to pursuing this action and have retained
22 counsel with experience prosecuting complex wage, employment and class action litigation.
23 Accordingly, Plaintiffs are adequate representative of the class and have the same interests as all of
24 its members. Further, Plaintiffs' claims are typical of the claims of all members of the class, and
25 Plaintiffs will fairly and adequately protect the interests of the absent members of the class.

26    26.    Further, class action treatment of this action is authorized and appropriate under the
27 WARN Act (29 U.S.C. § 2104(a)(5)), which provides that plaintiffs seeking to enforce liabilities
28 under the WARN Act may sue either on behalf of themselves, for other persons similarly situated, or

1 both.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE FEDERAL WARN ACT

27. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

28. At all relevant times, the Defendants employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

29. At all relevant times, each of the Defendants was an "Employer," as that term is defined in 29 U.S.C. § 2101(a)(1) of WARN.

30. On information and belief, Defendant Pipewrench controlled a majority of the Board of Directors of the Defendants Interstate Acquisitions and Interstate. On information and belief, Defendants Sankaty and Pipewrench retained G2 to provide interim management for Interstate Acquisitions and Interstate and appointed G2 personnel to sit on Intererstate's Board.

31. On information and belief, there was an inter-relation and dependency of operations between Defendants Interstate, Interstate Acquisitions and Pipewrench, G2 and Sankaty.

32. On information and belief, Defendants Sankaty, Pipewrench and G2 jointly exercised control over Defendant Interstate's labor and employee relations and labor policy decisions.

33. On information and belief, Defendants together made the labor decisions concerning plaintiffs' employment, including their terminations.

34. On information and belief, the Defendants constituted a "Single Employer" of the Plaintiffs and the Class members in that, among other things:

    (a)    The Defendants shared common ownership;

    (b)    The Defendants shared common officers and directors;

    (c)    All of the Defendants exercised de facto control over the labor practices governing the Plaintiffs and Class members, including the decision to order the plant closing at the Facility;

    (d)    There was a unity of personnel policies emanating from a common source

between Defendants; and

(e) There was a dependency of operations between Defendants.

35. On August 19, 2011 the Defendants, as a Single Employer, permanently shutdown its "entire new commercial and residential business" constituting a "Plant Closing" as that term is defined by 29 U.S.C. § 2101(a)(2). Defendants' actions at the Facility resulted in an "Employment Loss" as that term is defined by 29 U.S.C. § 2101(a)(2) for at least 33% of its workforce, and at least 50 of its employees, excluding Part-Time Employees.

36. Defendants' permanent termination of the Employees constituted a "plant closing" as defined by 29 U.S.C. § 2101 of WARN.

37. The Plaintiffs who were employed by Defendants and then terminated by Defendants as a result of Defendants "permanently closing and shutting down its entire" Facility on or about August 19, 2011, were "Affected Employees" as defined by 29 U.S.C. § 2101 of WARN.

38. The Plaintiffs and each of the Class Members are "Aggrieved Employees" of the Defendants as that term is defined in 29 U.S.C. § 2101(a)(7).

39. Pursuant to Sections 2102 of WARN, Defendants were required to provide at least 60 days prior written notice of the termination, or notice as soon as practicable, to the Affected Employees explaining why the sixty (60) days prior notice was not given.

40. Defendants failed to give its "Affected Employees" any notice of their termination, prior to their termination, in violation of WARN.

41. The Defendants failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

42. As a result of Defendants' failure to pay the wages, benefits and other monies as asserted herein, the Plaintiffs and Class Members were damaged in an amount equal to the sum of the members' unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay, medical expenses and benefits which would have been paid for a period of sixty (60) calendar days

after the date of the members' terminations.

43.  Pursuant to 29 U.S.C. § 2104 (a)(1), Plaintiff's claim for 60 days' wages is a claim for "back pay" and, as such, is a claim for equitable relief.

44.  Plaintiffs hereby demands a jury trial of all issues that may be so tried.

**WHEREFORE**, the Plaintiffs and Class Members demand judgment against the Defendants as follows:

1.  An amount equal to the sum of each affected employees': unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1)(A);

2.  Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, 29 U.S.C. § 2104(a)(5), Plaintiffs and the Other Similarly Situated Former Employees constitute a single class;

3.  Interest as allowed by law on the amounts owed for defendants' violation of WARN;

4.  The reasonable attorneys' fees and the costs and disbursements the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

5.  Such other and further relief as this Court may deem just and proper.

Dated:  September 29, 2011            WINGERT GREBING BRUBAKER & JUSKIE LLP

/s/ Stephen C. Grebing

By:_____
Stephen C. Grebing
Attorneys for Plaintiffs
EVE BORTON, Individually and on
Behalf of all Others Similarly Situated

8