ROGER L. GRANDGENETT II, ESQ., Bar # 6323
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
Telephone:     702.862.8800
Fax No.:        702.862.8811

DANIEL L. THIEME, ESQ., WSBA Bar # 12855
RACHELLE L. WILLS, ESQ., WSBA Bar # 34237
LITTLER MENDELSON, P.C.
One Union Square
600 University St., Suite 3200
Seattle, WA 98101-3122
Telephone:     206.623.3300
Fax No.        206.447.6965

***Pro Hac Vice* applications forthcoming**

Attorneys for Defendants
PIPEWRENCH II, INC.,
G-2 PARTNERS, LLC (f/k/a G2 Capital Advisors, LLC), and
SANKATY ADVISORS, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EVE BORTON, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>INTERSTATE ACQUISITIONS, LLC, a Delaware limited liability company; INTERSTATE PLUMBING & AIR CONDITIONING, LLC, a Nevada limited liability company; PIPEWRENCH II, INC., a Delaware Corporation; G-2 CAPITAL ADVISORS, business entity form unknown; SANKATY ADVISORS, LLC, a Delaware limited liability company; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 2:11-cv-01580-JCM-RJJ<br><br>**FIRST AMENDED ANSWER OF DEFENDANTS PIPEWRENCH, G2 AND SANKATY** |

FIRST AMENDED ANSWER TO
COMPLAINT OF PIPEWRENCH, G2 AND
SANKATY

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

Defendants Pipewrench II, Inc. ("Pipewrench"), G2 Partners, LLC (formerly known as G2 Capital Advisors, LLC, and incorrectly referred to in the caption as G-2 Capital Advisors) ("G2"), and Sankaty Advisors, LLC ("Sankaty"), answer Plaintiff Eve Borton's ("Plaintiff") Complaint and respond to the correspondingly numbered paragraphs of the Complaint as follows:

## NATURE OF THE ACTION

1.      Answering Paragraph 1 of the Complaint, generally no answer is required to Paragraph 1, which merely defines the nature of the action, on whose behalf Plaintiff seeks to assert claims, and against whom Plaintiff's claims are asserted.  Pipewrench, G2 and Sankaty deny that Plaintiff was employed by any entity other than Interstate Plumbing and Air Conditioning, LLC, and deny the implication that they engaged in any violations alleged in Paragraph 1.  Pipewrench, G2 and Sankaty deny, generally and specifically, each and every other allegation in Paragraph 1.

## JURISDICTION

2.      Answering Paragraph 2 of the Complaint, Pipewrench, G2 and Sankaty assert that Paragraph 2 sets forth a legal conclusion not requiring a response and, therefore, Pipewrench, G2 and Sankaty neither admit nor deny it.  To the extent that this Paragraph requires a response, Pipewrench, G2 and Sankaty do not dispute jurisdiction.

3.      Answering Paragraph 3 of the Complaint, generally no answer is required to Paragraph 3, which merely defines the nature of the action.  To the extent that this Paragraph requires a response, Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in Paragraph 3.

4.      Answering Paragraph 4 of the Complaint, Pipewrench, G2 and Sankaty assert that Paragraph 4 sets forth a legal conclusion not requiring a response and, therefore, Pipewrench, G2 and Sankaty neither admit nor deny it.  To the extent that this Paragraph requires a response, Pipewrench, G2 and Sankaty do not dispute venue.

## PARTIES

5.      Answering Paragraph 5 of the Complaint, Pipewrench, G2 and Sankaty lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations concerning Defendant Interstate Plumbing & Air Conditioning, LLC's ("Interstate") corporate

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

FIRST AMENDED ANSWER                                2.

1    status, and, therefore, deny the same. Further answering Paragraph 5 of the Complaint, Pipewrench,

2    G2 and Sankaty admit only that Interstate is in the business of providing plumbing, heating and air

3    conditioning services. Pipewrench, G2 and Sankaty deny, generally and specifically, each and every

4    other allegation in Paragraph 5.

5         6.      Answering Paragraph 6 of the Complaint, Pipewrench, G2 and Sankaty lack

6    knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in this

7    Paragraph, and, therefore, deny the same.

8         7.      Answering Paragraph 7 of the Complaint, Pipewrench, G2 and Sankaty admit

9    only that Pipewrench is a Delaware corporation and that Pipewrench owns shares of Interstate

10   Acquisitions. Pipewrench, G2 and Sankaty deny, generally and specifically, each and every other

11   allegation in Paragraph 7.

12        8.      Answering Paragraph 8 of the Complaint, Pipewrench, G2 and Sankaty admit

13   only that Sankaty is a Delaware limited liability company. Pipewrench, G2 and Sankaty deny,

14   generally and specifically, each and every other allegation in Paragraph 8.

15        9.      Answering Paragraph 9 of the Complaint, Pipewrench, G2 and Sankaty

16   affirmatively allege that G2 Partners, LLC, f/k/a G2 Capital Advisors, LLC, is a Massachusetts

17   limited liability company, and Pipewrench, G2 and Sankaty deny, generally and specifically, each

18   and every allegation in Paragraph 9.

19        10.     Answering Paragraph 10 of the Complaint, Pipewrench, G2 and Sankaty

20   deny, generally and specifically, each and every allegation in this Paragraph.

21        11.     Answering Paragraph 11 of the Complaint, Pipewrench, G2 and Sankaty

22   deny, generally and specifically, each and every allegation in this Paragraph.

23        12.     Answering Paragraph 12 of the Complaint, Pipewrench, G2 and Sankaty

24   deny, generally and specifically, each and every allegation in this Paragraph.

25        13.     Answering Paragraph 13 of the Complaint, Pipewrench, G2 and Sankaty

26   deny, generally and specifically, each and every allegation in this Paragraph.

27        14.     Answering Paragraph 14 of the Complaint, Pipewrench, G2 and Sankaty lack

28   knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and,

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

FIRST AMENDED ANSWER                    3.

1  therefore deny the same.   Pipewrench, G2 and Sankaty further deny that there is an Exhibit 1

2  attached to Plaintiff's Complaint.

3       15.   Answering Paragraph 15 of the Complaint, Pipewrench, G2 and Sankaty

4  deny, generally and specifically, each and every allegation in this Paragraph.   Pipewrench, G2 and

5  Sankaty deny any implication by Plaintiff that Pipewrench, G2 or Sankaty employed Plaintiff or

6  other members of the Class.   Pipewrench, G2 and Sankaty further deny that there is an Exhibit 2

7  attached to Plaintiff's Complaint.

8       16.   Answering Paragraph 16 of the Complaint, Pipewrench, G2 and Sankaty

9  assert that this Paragraph sets forth a legal conclusion not requiring a response and, therefore,

10  Pipewrench, G2 and Sankaty neither admit nor deny it.   To the extent that a response is required,

11  Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in

12  Paragraph 16.

13  **CLASS ACTION ALLEGATIONS**

14       17.   Answering Paragraph 17 of the Complaint, generally no answer is required to

15  Paragraph 17, which merely defines the nature of the action, and, therefore, Pipewrench, G2 and

16  Sankaty neither admit nor deny it.   To the extent that a response is required, Pipewrench, G2 and

17  Sankaty deny, generally and specifically, each and every allegation in Paragraph 17.

18       18.   Answering Paragraph 18 of the Complaint, generally no answer is required to

19  Paragraph 18, which merely defines the nature of the action, and on whose behalf Plaintiff seeks to

20  assert claims, and therefore Pipewrench, G2 and Sankaty neither admit nor deny it.   To the extent

21  that a response is required, Pipewrench, G2 and Sankaty deny, generally and specifically, each and

22  every allegation in Paragraph 18.

23       19.   Answering Paragraph 19 of the Complaint, Pipewrench, G2 and Sankaty

24  assert that this Paragraph sets forth a legal conclusion not requiring a response, and, therefore,

25  Pipewrench, G2 and Sankaty neither admit nor deny it.   To the extent that a response is required,

26  Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in

27  Paragraph 19.

28       20.   Answering Paragraph 20 of the Complaint, Pipewrench, G2 and Sankaty

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8600

FIRST AMENDED ANSWER        4.

assert that this Paragraph sets forth a legal conclusion not requiring a response, and, therefore, Pipewrench, G2 and Sankaty neither admit nor deny it. To the extent that a response is required, Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in Paragraph 20.

21. Answering Paragraph 21 of the Complaint, Pipewrench, G2 and Sankaty assert that this Paragraph sets forth a legal conclusion not requiring a response, and, therefore, Pipewrench, G2 and Sankaty neither admit nor deny it. To the extent that a response is required, Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in Paragraph 21.

22. Answering Paragraph 22 of the Complaint, Pipewrench, G2 and Sankaty assert that this Paragraph, including each subpart thereof, sets forth a legal conclusion not requiring a response, and, therefore, Pipewrench, G2 and Sankaty neither admit nor deny it. To the extent that a response is required, Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in Paragraph 22, including each and every allegation in each subpart thereof.

23. Answering Paragraph 23 of the Complaint, Pipewrench, G2 and Sankaty assert that this Paragraph sets forth legal conclusions not requiring a response, and, therefore, Pipewrench, G2 and Sankaty neither admit nor deny it. To the extent that a response is required, Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in Paragraph 23.

24. Answering Paragraph 24 of the Complaint, Pipewrench, G2 and Sankaty assert that this Paragraph sets forth legal conclusions not requiring a response, and, therefore, Pipewrench, G2 and Sankaty neither admit nor deny it. To the extent that a response is required, Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in this Paragraph.

25. Answering Paragraph 25 of the Complaint, Pipewrench, G2 and Sankaty assert that this Paragraph sets forth legal conclusions not requiring a response, and, therefore, Pipewrench, G2 and Sankaty neither admit nor deny it. To the extent that a response is required, Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in this

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

FIRST AMENDED ANSWER                    5.

Paragraph.

26.     Answering Paragraph 26 of the Complaint, Pipewrench, G2 and Sankaty assert that this Paragraph sets forth a legal conclusion not requiring a response, and therefore, Pipewrench, G2 and Sankaty neither admit nor deny it.  To the extent that a response is required, Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in Paragraph 26.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF FEDERAL WARN ACT

27.     Answering Paragraph 27 of the Complaint, Pipewrench, G2 and Sankaty incorporate by reference their answers to Paragraphs 1 through 26 of the Complaint.

28.     Answering Paragraph 28 of the Complaint, Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in this Paragraph.

29.     Answering Paragraph 29 of the Complaint, Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in this Paragraph.

30.     Answering Paragraph 30 of the Complaint, Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in this Paragraph.

31.     Answering Paragraph 31 of the Complaint, Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in this Paragraph.

32.     Answering Paragraph 32 of the Complaint, Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in this Paragraph.

33.     Answering Paragraph 33 of the Complaint, Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in this Paragraph.

34.     Answering Paragraph 34 of the Complaint, Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in this Paragraph.

(a)     Answering Paragraph 34(a) of the Complaint, Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in this Paragraph.

(b)     Answering Paragraph 34(b) of the Complaint, Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in this Paragraph.

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

FIRST AMENDED ANSWER                              6.

(c)     Answering Paragraph 34(c) of the Complaint, Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in this Paragraph.

(d)     Answering Paragraph 34(d) of the Complaint, Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in this Paragraph.

(e)     Answering Paragraph 34(e) of the Complaint, Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in this Paragraph.

35.     Answering Paragraph 35 of the Complaint, Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in this Paragraph.

36.     Answering Paragraph 36 of the Complaint, Pipewrench, G2 and Sankaty assert that this Paragraph sets forth a legal conclusion not requiring a response, and, therefore, Pipewrench, G2 and Sankaty neither admit nor deny it.  To the extent that a response is required, Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in Paragraph 36.

37.     Answering Paragraph 37 of the Complaint, Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in this Paragraph.

38.     Answering Paragraph 38 of the Complaint, Pipewrench, G2 and Sankaty assert that this Paragraph sets forth a legal conclusion not requiring a response, and, therefore, Pipewrench, G2 and Sankaty neither admit nor deny it.  To the extent that a response is required, Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in Paragraph 38.

39.     Answering Paragraph 39 of the Complaint, Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in Paragraph 39.

40.     Answering Paragraph 40 of the Complaint, Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in Paragraph 40.

41.     Answering Paragraph 41 of the Complaint, Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in Paragraph 41.

42.     Answering Paragraph 42 of the Complaint, Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in Paragraph 42.

LITTLER MENDELSON, P.C
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

FIRST AMENDED ANSWER                          7.

43.     Answering Paragraph 43 of the Complaint, Pipewrench, G2 and Sankaty assert that this Paragraph sets forth a legal conclusion not requiring a response, and, therefore, Pipewrench, G2 and Sankaty neither admit nor deny it.  To the extent that a response is required, Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in Paragraph 43.

44.     Answering Paragraph 44 of the Complaint, Pipewrench, G2 and Sankaty assert that this Paragraph sets forth Plaintiff's jury demand, and, therefore, does not require a response from Pipewrench or Sankaty.

### PRAYER FOR RELIEF BY PLAINTIFF

Answering Paragraphs 1 through 5 of Plaintiff's prayer for relief, generally no answer is required to these Paragraphs, which merely set forth the type of relief sought by Plaintiff.  To the extent that an answer is required, Pipewrench, G2 and Sankaty deny, generally and specifically, each and every allegation in these Paragraphs.

To the extent the foregoing does not fully and specifically respond to any allegation in Plaintiff's Complaint, that allegation is hereby denied.

### PIPEWRENCH'S, G2'S AND SANKATY'S FURTHER DEFENSES AND/OR
### AFFIRMATIVE DEFENSES

Pipewrench, G2 and Sankaty assert the following separately numbered additional defenses and/or affirmative defenses, without assuming any burden of proof that it does not have as a matter of law:

1.     Plaintiff's Complaint, and each and every cause of action, fails to state claims upon which relief may be granted.

2.     The terminations in question were caused by business circumstances that were not reasonably foreseeable as of the time that any WARN Act notice is alleged to have been required.  To the extent that WARN Act notice was required (which Pipewrench, G2 and Sankaty deny), on information and belief Interstate satisfied the requirement by providing shortened notice in compliance with the unforeseeable business circumstances provision of the WARN Act, 29 U.S.C.§ 2102(b)(2)(A).

LITTLER MENDELSON, P.C
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

FIRST AMENDED ANSWER                          8.

3.      At the time any WARN Act notice is alleged to have been required, Interstate was actively seeking capital or business which, if obtained, would have enabled it to avoid or postpone the shutdown and Interstate reasonably and in good faith believed that giving the notice allegedly required would have precluded it from obtaining the needed capital or business.  To the extent that WARN Act notice was required (which Pipewrench, G2 and Sankaty deny), on information and belief Interstate satisfied the requirement by providing shortened notice in compliance with the faltering company provision of the WARN Act, 29 U.S.C.§ 2102(b)(1).

4.      If Interstate violated the WARN Act (which Pipewrench, G2 and Sankaty deny), the fact Pipewrench, G2 and Sankaty did not themselves give WARN notice was in good faith and Pipewrench, G2 and Sankaty had reasonable grounds for believing that they were not "employer[s]" under the WARN Act and, as such, they had no obligation to give WARN notice.  As such, if Pipewrench, G2 and Sankaty are found to have violated the WARN Act, the Court should reduce the amount of any otherwise applicable liability pursuant to 29 U.S.C. § 2104(a)(4).

5.      If Pipewrench, G2 or Sankaty violated the WARN Act (which Pipewrench, G2 and Sankaty deny), then pursuant to 29 U.S.C. § 2104(a)(2), any liability should be reduced by any wages paid by Interstate to Plaintiff, or any other employee, for the period of the alleged violation; any voluntary and unconditional payment by Interstate to Plaintiff, or any other employee, that was not required by any legal obligation; and any payment by Interstate to a third party or trustee (such as premiums for health benefits or payments to a defined contribution pension plan) on behalf of Plaintiff, or any other employee, for the period of the alleged violation.

6.      Pipewrench, G2 and Sankaty did not, separately or collectively, constitute an employer or a "single employer" of Plaintiff or any putative class member.  Pipewrench, G2 and Sankaty, and each of them, did not employ Plaintiff or any putative class member, did not operate Interstate as a going concern, and did not join in or assume control of Interstate's business. Pipewrench, G2 and Sankaty, and each of them, were not "employer[s]" under the WARN Act.

7.      This court lacks personal jurisdiction over Sankaty, in that Plaintiff has not effected service of the summons and complaint on Sankaty.

8.      If Interstate violated the WARN Act (which Pipewrench, G2 and Sankaty

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

1    deny), and if Pipewrench, G2 and/or Sankaty constituted a single employer with Interstate (which

2    Pipewrench, G2 and Sankaty likewise denies), then Interstate, which directly employed Plaintiff and

3    the putative class members, is the primary employer, and Pipewrench, G2 and Sankaty are (at most)

4    secondary employers.  As such, any liability of Pipewrench, G2 or Sankaty is secondary to, and not

5    joint and several with, any liability of Interstate.

6           9.     To the extent that Plaintiff and/or any putative class member(s) fail to

7    properly pursue his, her or their claims directly against Interstate, they will thereby have failed to

8    mitigate their damages and/or failed to have protected themselves against avoidable consequences.

9           Pipewrench, G2 and Sankaty have not yet completed a thorough investigation and

10   study or completed discovery of all facts and circumstances of the subject matter of the Complaint,

11   and accordingly, reserve the right to amend, modify, revise or supplement their Answer, and to plead

12   such further defenses and/or affirmative defenses and take such further actions as they may deem

13   proper or necessary in their defense upon the completion of their investigation and study.

14                **PIPEWRENCH'S, G2'S AND SANKATY'S PRAYER FOR RELIEF**

15          WHEREFORE, Defendants Pipewrench, G2 and Sankaty pray for relief as follows:

16          1.     That Plaintiff take nothing by her Complaint, and that Plaintiff's action be

17   dismissed in its entirety with prejudice;

18          2.     That Pipewrench, G2 and Sankaty recover their costs and attorney fees in

19   defending this action pursuant to applicable law, including without limitation pursuant to 29 U.S.C.

20   § 2104(a)(6);

21          3.     That Pipewrench, G2 and Sankaty be granted permission to amend their

22   pleadings to conform to the proof offered at the time of trial; and

23   . . .

24   . . .

25   . . .

26

27

28

LITTLER MENDELSON, P.C
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

FIRST AMENDED ANSWER                                10.

1          4.      For such other or further relief as may be just and equitable under the

2    circumstances.

3    Dated:  November 10, 2011

4                                                              Respectfully submitted,

5

6

7                                                              ROGER L. GRANDGENETT II, ESQ.
                                                               LITTLER MENDELSON, P.C.
8
                                                               Attorneys for Defendants
9                                                              PIPEWRENCH II, INC., G2 PARTNERS, LLC
                                                               (f/k/a G2 Capital Advisors, LLC), and SANKATY
10                                                             ADVISORS, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702 862 8800

FIRST AMENDED ANSWER                          11.

1

**PROOF OF SERVICE**

2      I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the

3  within action. My business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, Nevada

4  89169-5937. On November 10, 2011, I served the within document(s):

5      **FIRST AMENDED ANSWER OF DEFENDANTS PIPEWRENCH, G2 AND SANKATY**

6

7      ☒   By CM/ECF Filing – Pursuant to FRCP 5(b)(3) and LR 5-4, the above-referenced
           document was electronically filed and served upon the parties listed below through the
8          Court's Case Management and Electronic Case Filing (CM/ECF) system:

9
       Jay Kenyon, Esq.                        Stephen C. Grebing
10     7881 W. Charleston Blvd., Ste. 165      Wingert Grebing Brubaker & Goodwin LLP
       Las Vegas, NV  89117                    One American Plaza
11                                             600 West Broadway, Seventh Floor
       *Attorneys for Plaintiff*               San Diego, CA  92101
12
                                              *Attorneys for Plaintiff*
13

14      I declare under penalty of perjury that the foregoing is true and correct. Executed on

15  November 10, 2011, at Las Vegas, Nevada.

16

17  _____

18                                        Kimberly Gregos

19  Firmwide:105077513.1 062858.1007

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

FIRST AMENDED ANSWER                                    12.