1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

EVE BORTON, individually and on behalf
of all others similarly situated,

Plaintiffs,

v.

INTERSTATE ACQUISITIONS, LLC, a
Delaware limited liability company;
INTERSTATE PLUMBING & AIR
CONDITIONING, LLC, a Nevada limited
liability company; PIPEWRENCH II, INC.,
a Delaware Corporation; G-2 CAPITAL
ADVISORS, LLC, a Delaware limited
liability company; SANKATY ADVISORS,
LLC, a Delaware limited liability company;
and DOES 1-100, inclusive,

Defendant.

Case No. 2:11-cv-01580-MMD-NJK

ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT
(dkt. no. 60)

Before the Court is Plaintiff Eve Borton's Unopposed Motion for Preliminary
Approval of WARN Class Action Settlement (dkt. no. 60). In her Motion, Plaintiff seeks
an order (1) conditionally certifying the class for settlement purposes, (2) appointing Eve
Borton as Class Representative, (3) appointing Wingert Grebing Brubaker & Juskie,
LLC as Class Counsel, (4) preliminarily approving the Settlement under FRCP 23,
(5) approving the notice of the Settlement to the Settlement Class, and (6) establishing
a hearing date for final Settlement approval and approval of class counsel fees and
costs. (Dkt. no. 60.)

Having considered the papers on the motion, the arguments of counsel, and the law governing approval of class actions settlements, the Court now enters this Preliminary Approval Order and FINDS, CONCLUDES, and ORDERS as follows:

**A.    Certification of Settlement Class, Appointment of Class Representative and Class Counsel**

For settlement purposes only, the Court conditionally certifies a settlement Class defined as follows:

    1.    All employees of Interstate Plumbing who worked in the Las Vegas area and who were terminated on or after July 10, 2011, but excluding (a) employees known to have been terminated for cause, as stated in the data provided by Defendants to Plaintiff, and (b) the Construction Site Workers.  The excluded "Construction Site Workers" are defined as those workers coded in Interstate Plumbing's payroll data as Department Code 10 (Direct Job Cost), provided that employees coded as Direct Job Cost are nonetheless included as Settlement Class members if they were doing any of the following types of work (as shown by the employee's job title and/or cost center description in Interstate Payroll's payroll data): supervisor, engineer, project manager, service worker, shop and warehouse laborer, and administrator.  For avoidance of doubt, workers coded as Department Code 10 (Direct Job Cost) with job titles of site foreman are not included, and will not be included, as Settlement Class members.  (The Settlement Class shall exclude any persons who opt out of the Settlement Class in accordance with the terms of the Settlement Agreement and the notice to the class.)

    2.    The Court appoints Eve Borton as the Class Representative.

3.      The Court appoints Wingert Grebing Brubaker & Juskie LLP as counsel for the Class.

**B.      Preliminary Approval of Settlement**

1.      The Court grants preliminary approval of the settlement on the terms set forth in the Settlement Agreement attached to this Order as Exhibit A.  The Court finds and concludes that the Settlement is the result of arm's-length negotiations between the Parties conducted after Class Counsel had adequately investigated and litigated Plaintiff's claims and become familiar with their strengths and weaknesses.  Based on all of these factors, the Court concludes that the proposed Settlement meets the criteria for preliminary settlement approval.  The Settlement has no obvious defects and falls within the range of possible approval as fair, adequate, and reasonable, such that notice to the Class Members is appropriate. Accordingly, the Settlement is hereby preliminarily approved.

2.      All discovery and other proceedings in this action are hereby stayed and suspended until further order of the Court, except such actions as may be necessary to implement the Settlement and this Order.

3.      Consistent with Paragraph 25 of the Settlement Agreement, neither this Order, nor the fact or substance of the Settlement Agreement, shall be considered a concession or admission, nor shall they be used as evidence in any proceeding for the purpose of establishing any Defendants' liability or wrongdoing.

4.      In the event that the Settlement Agreement does not become effective in accordance with the terms of the Settlement Agreement, or the Settlement Agreement is not finally approved, or the Settlement Agreement is terminated, canceled, or fails to become effective for any reason, this Order shall be vacated and rendered null and void, the Settlement Class shall be decertified, and all claims and defenses previously asserted by

the parties shall be reinstated and the Court shall enter further appropriate orders governing the proceedings and establishing a case schedule in this matter.

**C.     Approval of the Form of Notice to the Class & Notice Plan**

1.     The Court approves, as to form and content, the Notice to Class ("Notice") attached to this Order as Exhibit B. The Notice fairly, plainly, accurately, and reasonably informs Class Members of: (1) the nature of this action, the identity of Class Counsel, and the essential terms of the Settlement; (2) the allocation of the Settlement fund, including the formula for calculation of settlement shares; (3) how Class Counsel Attorney's Fees are to be determined and how they are to be funded; (4) how to participate in the Settlement; (5) how to opt out of the Settlement; (6) how to comment on or object to the Settlement;  (7) how the Claims Administrator will be selected and compensated, as well as how it will administer the settlement payments; (8) this Court's procedures for final approval of the Settlement; and (9) how to obtain additional information regarding this action and the Settlement.

2.     The Court approves the proposed plan for circulating the Notice.  The proposed plan for distributing the Notice is a reasonable method calculated to reach all individuals who would be bound by the Settlement. Promptly following the entry of this Order, Class Counsel, after review and approval of counsel for the Defendants (which shall not be unreasonably withheld), will prepare final versions of the Notice, incorporating the relevant dates and deadlines set forth in this Order.  Class Counsel shall also ensure that all blanks and placeholders in the Notice are completed. Notice shall be sent within the deadlines set forth in the Implementation Schedule attached hereto as Exhibit C.

4

3.      The Complete Notice Plan, including the manner and time within which Class Members can opt out and file written objections, is set forth in the Implementation Schedule attached hereto as Exhibit C.

4.      Any person who is eligible to exclude him or herself from the Settlement Class under the terms of the Settlement Agreement must do so by following the instructions for requesting exclusion from the Settlement Class as set forth in the Notice to the class.  All requests for exclusion from the Settlement Class must be mailed to Class Counsel and postmarked no later than 30 days after the date of the Notice, in accordance with the instructions in the Notice to the class and the terms and requirements of the Settlement Agreement, or they shall be deemed void and ineffective.  Any Settlement Class member who fails to submit a request for exclusion by that time shall be deemed a member of the Settlement Class.

5.      Only Settlement Class Members who object to the Settlement Agreement in writing, in accordance with the procedures set forth in this Order, the Notice to the class, and the Settlement Agreement, shall be permitted to appeal or otherwise seek review of this Court's decision approving or rejecting the Settlement Agreement.  Failure to follow the procedures for objecting set forth therein shall constitute a waiver of a Settlement Class Member's right to object to the Settlement Agreement.

6.      Any Settlement Class member who timely files and serves a written objection may also appear at the Final Settlement Approval Hearing, either in person or through counsel hired at the Settlement Class member's expense to express the Settlement Class Member's views regarding the Settlement Agreement.  Any Settlement Class member who does not timely file and deliver a written objection within 30 days of the date of the notice to the class shall not be permitted to object or appear at

the Final Settlement Approval Hearing, shall be deemed to have waived and forfeited any objection at the Final Settlement Approval Hearing, and shall be bound by all proceedings, orders and judgments of the Court. Any Settlement Class member who wishes to be heard orally at the final settlement hearing, either personally or through an attorney, must so state explicitly in the Settlement Class member's written notice of objection, or the Settlement Class member will not be heard orally.

**D.    Final Fairness Hearing**

1.    The Final Fairness Hearing will take place on November 4, 2013, at 10:00 a.m.  [NOTE:  PURSUANT TO CAFA, THIS DATE CAN BE NO SOONER THAN SEPTEMBER 30, 2013.]

2.    The hearing on Class Counsel's request for Attorney's Fees & Costs shall take place on November 4, 2013, at 10:00 a.m.

3.    The Motion in support of the Final Fairness Hearing and Motion for Attorney's Fees shall be filed in accordance with the Implementation Schedule attached hereto as Exhibit C.

4.    The Final Fairness Hearing, the hearing on Class Counsel's request for Attorney's Fees & Costs, and all dates provided for herein, may, without further notice to the Settlement Class, be continued or adjourned by order of this Court.

DATED THIS 10th day of July 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

EXHIBIT A

SETTLEMENT AGREEMENT

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Agreement**") is entered into by and between EVE BORTON ("**Plaintiff**"), on behalf of herself and a settlement class of WARN claimants (collectively the "**Settlement Class**"), and INTERSTATE PLUMBING & AIR CONDITIONING, LLC ("**Interstate Plumbing**"). Also parties to this Agreement, for the purposes stated, are INTERSTATE ACQUISITIONS, LLC ("**Interstate Acquisitions**"), PIPEWRENCH II, INC. ("**Pipewrench**"), G-2 CAPITAL ADVISORS, LLC ("**G2**") and SANKATY ADVISORS, LLC ("**Sankaty**"). Interstate Plumbing, Interstate Acquisitions, Pipewrench, G2 and Sankaty are sometimes referred to individually as a "**Defendant**" and collectively as the "**Defendants**." The terms provided for in this Agreement are sometimes referred to collectively as the "**Settlement**." Interstate Plumbing is entering into this agreement through the action of William A. Leonard, Jr., Trustee.

### *RECITALS*

**WHEREAS**, on September 23, 2011, Interstate Plumbing and Interstate Acquisitions filed for bankruptcy relief in Case Nos. 11-25053-BAM and 11-25056-BAM (respectively), pending before the United States Bankruptcy Court, District of Nevada (the "**Bankruptcy Cases**"); and,

**WHEREAS**, on September 29, 2011, Plaintiff filed a Complaint in the United States District Court for Nevada (the "**Nevada District Court**"), Case No. 2:11-cv-01580-JCM-RFF (the "**District Court Action**"), alleging that Interstate Plumbing violated the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* ("**WARN Act**"), and further alleging that Interstate Acquisitions, Pipewrench, G2 and Sankaty were a single employer with, and are jointly liable with, Interstate Plumbing for those violations; and,

**WHEREAS**, on January 24, 2012, Plaintiff filed an Adversary Proceeding Class Action Complaint against Interstate Plumbing and Interstate Acquisitions in the Bankruptcy Cases (the "**Adversary Action**"), alleging the same violations of the WARN Act; and,

**WHEREAS**, Interstate Plumbing denies violating the WARN Act; and,

**WHEREAS**, Interstate Acquisitions, Pipewrench, G2 and Sankaty deny that they were at any time an "employer," as defined under the WARN Act, of Plaintiff or any other member of the Settlement Class, and further deny violating the WARN Act; and,

**WHEREAS**, the parties to this Agreement (the "**Parties**") desire to resolve all matters raised or that could have been raised in the aforementioned Complaints, by Plaintiff and any and all members of the Settlement Class (as that term is defined herein), consensually and according to the terms set forth below.

**NOW THEREFORE**, in consideration of the foregoing recitals and the mutual promises hereinafter contained, the Parties intending to be fully bound, hereby stipulate and agree as follows:

*TERMS*

1.     **MECHANISM FOR SETTLEMENT APPROVAL.** This is a class settlement of the Adversary Action and the District Court Action.  It is subject to class certification for settlement purposes, and settlement approval pursuant to FRCP 23, in both the Adversary Action and the District Court Action, and settlement approval pursuant to the Bankruptcy Code in the Bankruptcy Cases.  The Parties agree to seek court approval in the fashion described in this paragraph, provided that if the Nevada District Court declines to withdraw the bankruptcy reference the parties shall reasonably cooperate in seeking separate approvals from the District Court and the Bankruptcy Court.  Plaintiff shall, in a single motion, move the Nevada District Court for the following relief:  (a) to withdraw the bankruptcy reference to the extent necessary to allow the District Court to enter all approvals required by this Settlement, (b) to grant preliminary approval of class certification for settlement purposes, (c) to grant preliminary approval of the Settlement under FRCP 23, (d) to approve notice of the Settlement to the Settlement Class and, to the extent necessary under the Bankruptcy Code, notice to creditors, (e) to approve a claim bar date for nonsettling potential class members (as described below), and (f) to establish a hearing date for final Settlement approval.  Assuming this relief is granted, Plaintiff shall arrange for the mailing of notice as required, and shall move for final Settlement approval.  Plaintiff shall reasonably cooperate with all other Parties in the preparation and content of these motions.  The forms of the preliminary approval order, the notice to the class and creditors, and the final approval order, shall be subject to approval by all Parties.

2.     **FINALITY**.  This Settlement shall become effective and "**Final**" on the later of:  (i) the date when the time for appeal from the order and judgment finally approving the Settlement has expired without an appeal being timely commenced, or (ii) the date of the final resolution of any appeal of the approval of the Settlement.

3.     **SETTLEMENT FUND**.  No later than 15 business days after this Settlement becomes Final, Interstate Plumbing shall pay into a qualified settlement fund an amount equal to (a) 60 days' straight-time pay for each member of the Settlement Class, less the pay that was paid to that Settlement Class member during the 60-day period beginning on August 15, 2011 (the amount described in this subpart a is, however, subject to a cap of Seven Hundred and Seventy-Three Thousand Dollars and Zero Cents ($773,000.00)), plus (b) Class Counsel's attorneys' fees and costs in the amount as approved by the court (the amount described in this subpart b is, however, subject to a cap of One Hundred Fifty Thousand Dollars and Zero Cents ($150,000.00)), plus (c) the agreed compensation of the Settlement Fund Administrator.  The agreed compensation of the Settlement Fund Administrator shall not exceed $25,000, and as such the total amount Interstate Plumbing may be obligated to fund shall not exceed Nine Hundred Fifty Thousand Dollars and Zero Cents ($950,000.00). This total amount shall be referred to herein as the "**Settlement Fund**."  As soon as reasonably practicable after the Settlement Fund is established, it shall be distributed by the Settlement Administrator, as follows:  The Settlement Administrator shall distribute Class Counsel's approved attorneys' fees and costs to Class Counsel; shall reserve and pay to itself the agreed compensation of the Settlement Fund Administrator; shall pay all costs of notice and other out of pocket expenses incident to administering the Settlement; shall withhold and pay all required payroll taxes on the Settlement distributions; and shall distribute the balance of the Settlement Fund to the members of the Settlement Class.  The distributions to the Settlement Class members shall be in proportion

to the amount of 60 days' straight-time pay for each Settlement Class member, less the pay that was paid to that Settlement Class member during the 60-day period beginning on August 15, 2011.

4. **ALL INCLUSIVE.** The payments provided for in Section 3 above shall be all inclusive, that is, no Defendant shall be required to make any other payments of any kind related to this Settlement.

5. **CLASS COUNSEL'S ATTORNEYS' FEES & COSTS.** Class Counsel's attorneys' fees and costs will be in the amount as approved by the court, subject to a total cap of One Hundred Fifty Thousand Dollars and Zero Cents ($150,000.00). Class Counsel agrees that its fees and costs application will be limited to a lodestar (hours x reasonable hourly rates, with no multiplier), plus costs. For avoidance of doubt, Class Counsel agrees it will not seek to recover attorneys' fees on a common fund basis.

6. **SETTLEMENT ADMINISTRATION.** The Settlement Fund shall be established and administered by a third-party settlement administrator (the "Settlement Administrator"). The Settlement Administrator shall be selected by Defendants and shall be engaged for a fixed fee not exceeding $25,000, provided that the selection of the Settlement Administrator, and the terms of its engagement, shall be subject to approval by Class Counsel, which approval shall not be unreasonably withheld. The Settlement Fund shall be established as a qualified settlement fund for tax purposes, and the Settlement Administrator shall handle distribution of the Settlement Fund and all associated tax payments and tax reporting. The distributions to the members of the Settlement Class shall be treated as wages for tax purposes. The Parties believe that the attorneys' fees and costs awarded to Class Counsel are not income to the members of the Settlement Class, based on the analysis in Internal Revenue Service Office of Chief Counsel Memorandum PRENO-111606-07 (May 18, 2007), and the Settlement Administrator shall so treat those payments.

7. **DEFINITION OF SETTLEMENT CLASS.** The "**Settlement Class**" consists of all employees of Interstate Plumbing who worked in the Las Vegas area and who were terminated on or after July 10, 2011, but excluding (a) employees known to have terminated for cause, as stated in the data provided by Defendants to Plaintiff, and (b) the Construction Site Workers. The excluded "**Construction Site Workers**" are defined as those workers coded in Interstate Plumbing's payroll data as Department Code 10 (Direct Job Cost), provided that employees coded as Direct Job Cost are nonetheless included as Settlement Class members if they were doing any of the following types of work (as shown by the employee's job title and/or cost center description in Interstate Payroll's payroll data): Supervisor, engineer, project manager, service worker, shop and warehouse labor and administrative jobs. For avoidance of doubt, workers coded as Department Code 10 (Direct Job Cost) with job titles of site foreman are not included, and will not be included, as Settlement Class members. From and after the deadline for Settlement Class members to opt out has expired, the "**Settlement Class**" shall exclude all potential Settlement Class members who timely opted out of the Settlement Class.

8. **RELEASE OF CLAIMS.** Upon the Settlement becoming Final (and except as to such rights or claims as are created by this Settlement Agreement) the Settlement Class, each member of the Settlement Class, and the Plaintiff fully release and discharge any and all persons

12/27/12                                    3

and entities from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged, or that reasonably arise out of the facts alleged, in the District Court Action and the Adversary Action.  The scope of the persons and entities released includes specifically, and without limitation, Interstate Plumbing; Interstate Acquisitions; William A. Leonard, Jr., Chapter 7 Trustee of the Interstate entities; Pipewrench; G2; Sankaty; and each of their respective present and former subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, successors and assigns.

9.   **AMENDMENT OF COMPLAINTS.**  Upon the Settlement becoming Final, the class definitions in the Complaints in the District Court Action and the Adversary Action shall be deemed to have been amended to conform to the definition of the Settlement Class as set out in this Agreement.  This Settlement shall not affect the WARN Act claims, if any, of any former employees of Interstate Plumbing who are not members of the Settlement Class.

10.   **WITHDRAWAL OF CLASS PROOF OF CLAIM.**   Upon the Settlement becoming Final, the putative class proof of claim filed by Plaintiff in the Bankruptcy Cases shall be deemed to be fully and finally withdrawn.  The final approval order shall provide that this withdrawal shall bar all members of the Settlement Class from filing individual claims of unpaid wages, vacation or sick time, and other benefits they may have been entitled to under the WARN Act.  In addition, promptly after the Settlement becoming Final, Plaintiff will file a notice of withdrawal of all proofs of claim filed by Plaintiff in the Bankruptcy Cases.

11.   **BANKRUPTCY CLAIM BAR FOR NON-SETTLEMENT CLAIMANTS.** This Settlement is conditioned on (a) the Debtor, Interstate Plumbing, acting through Debtor's counsel Tom Fell (and *not* the Trustee), filing an amended Schedule E in the Bankruptcy Cases listing as disputed creditors all of its former employees who come within the scope of the class as currently alleged by Plaintiff, . and (b) the court setting a claim bar date for those individuals who are not members of the Settlement Class (including potential members of the Settlement Class who opt out), and notice of that claim bar date shall be mailed, by the Settlement Administrator, to those individuals at their last known addresses no later than promptly after this Settlement becomes Final.

12.   **NO PUBLICITY.**   Class Counsel and the Plaintiff agree not to present this Settlement as being with any person or party other than Interstate Plumbing, and agree not to initiate nor respond to public relations or press regarding the Settlement.  This provision shall not, however, limit Class Counsel's communications with the Plaintiff, with the members of the Settlement Class, or with any of Class Counsel's clients.

13.   **CONTINUED STAY OF PROCEEDINGS.**   Pending approval of the Settlement, the Parties agree to continue to cooperate in keeping both the District Court case and the Bankruptcy Case "on hold."  The parties agree that they will not initiate discovery or motions practice in those Cases.

14.   **FUNDING.**  Only Interstate Plumbing shall be obligated to fund the Settlement Fund.  The obligation of Interstate Plumbing and/ or William A. Leonard, Jr., trustee, to pay the

Settlement Fund as set forth in paragraph 3 or any other paragraph herein, is expressly conditioned upon receipt of a final order entered by the bankruptcy court for Interstate Plumbing, granting a separate motion for approval of a settlement  ("IPAC settlement motion") between Sankaty (as that term is defined in the IPAC settlement motion) and William A. Leonard, Jr., trustee.  If the IPAC settlement motion is not granted, then neither Interstate Plumbing nor William A. Leonard, Jr., trustee, have any obligation to pay the Settlement Fund as set forth in paragraph 3 herein or any other paragraph of this agreement."

      15.    **NO REVERSION OF RESIDUAL FUNDS**.  The Settlement Administrator shall be directed to provide Class Counsel and counsel for the Defendants no less frequently than every six months, the names of those Settlement Class members whose Settlement checks have been returned as undeliverable and whose checks have not been negotiated.  Class Counsel shall conduct a search for the correct address of such Settlement Class members.  Upon Class Counsel's written notice of a corrected address or as the Parties may otherwise obtain, the Settlement Administrator will be directed to re-mail the returned Settlement check to the effected Settlement Class member.  If a correct address cannot be obtained, or if funds in the Settlement Fund remain undistributed and unused for any other reason after the Settlement has been fully administered (including Settlement checks which are not deposited, endorsed or negotiated within six (6) months of their date of issuance), the Settlement Administrator shall contribute the residual funds to a charitable beneficiary selected mutually by Defendants.

      16.    **OPT OUTS**.  Settlement Class members will have thirty (30) days from the date on the class notice (which date shall be on or after the date of the mailing of the class notice) to object to or opt out of the Settlement.  Any Settlement Class member other than the Plaintiff may elect to be excluded from the Settlement Class during the 30-day period after the date of the class notice.  To be effective, any such election must be made in writing; must contain the information specified in the notice; and must be mailed to Class Counsel and postmarked on or before the 30th day after the date on the class notice.  The date of the postmark on the mailing envelope shall be the exclusive means to determine whether a request for exclusion is timely.  Any Settlement Class member who is eligible to opt out and who timely requests exclusion in compliance with these requirements shall not have any rights under this Agreement, shall not be entitled to receive any settlement payment, and shall not be bound by this Agreement or the judgment in the lawsuits.  Except for those Settlement Class members who exclude themselves in compliance with the forgoing, all Settlement Class members will be deemed to be members of the class in the lawsuits for all purposes under this Agreement, the final approval order, the judgment, and the releases set forth in this Agreement and, unless they have timely asserted an objection to this Agreement, shall be deemed to have waived all objections and opposition to its fairness, reasonableness, and adequacy.

      17.    **OBJECTIONS TO SETTLEMENT**.  Any Settlement Class member may object to this Settlement, provided that such objections are made in writing and filed with the court and served on counsel for the parties no later than 30 days after the date of the class notice.  Such objection shall include the information specified in the notice.  No Settlement Class member may be heard at the final settlement hearing who has not complied with this requirement and any Settlement Class member who fails to comply with this requirement will be deemed to have waived any right to object and any objection to the Settlement.  Upon receipt, counsel for the

Parties shall promptly exchange with one another copies of all objections, exclusions and/or challenges to the Settlement or any part thereof.

18.    **RIGHT OF TERMINATION OF SETTLEMENT.**    Defendants each shall have the right to elect to terminate the Settlement if more than ten percent (10%) of the potential Settlement Class opt out.   Any such termination election shall be made by written notice delivered to Class Counsel within 10 business days after Class Counsel advise counsel for Interstate Plumbing, Pipewrench and Sankaty, in writing, of the identities of all opt outs.   A failure of the court to approve any material term of this Settlement shall render the entire Settlement voidable and unenforceable as to all Parties at the option of a Party adversely affected thereby.   Each Party may exercise its option to void this Settlement as provided in the prior sentence by giving written notice to counsel for the other Parties and to the court at any time prior to final approval of the Settlement by the court.   If this Settlement is terminated or voided under this paragraph, this Agreement shall have no force or effect; all negotiations, statements and proceedings related thereto shall be without prejudice to the rights of any Party, all of whom shall be restored to their respective positions in the lawsuits prior to the Settlement; neither this Agreement nor any ancillary documents, actions or filings shall be admissible or offered into evidence in the lawsuits or any other action for any purpose; and Interstate Plumbing and Trustee Leonard shall be relieved of and have no obligation to pay any amount of the Settlement Fund as defined in Section 3 herein.

19.    **PARTIES' AUTHORITY**.   The signatories hereby represent that they are fully authorized to enter into this Agreement and bind the Parties hereto to the terms and conditions hereof.

20.    **MUTUAL FULL COOPERATION**.   The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement, including but not limited to, by executing such documents and taking such other actions as may reasonably be necessary to implement the terms of this Settlement.    The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the court, or otherwise, to effectuate this Settlement.

21.    **ATTORNEY FEES**.   In the event that one or more of the Parties to this Agreement institutes any legal actions or proceedings to enforce or implement the provisions of this Agreement, the successful Party or Parties shall be entitled to recover from the unsuccessful Party or Parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection therewith.

22.    **CONSTRUCTION**.   The Parties agree that the terms of this Settlement are the result of lengthy, intensive, arm's-length negotiations between the Parties and that this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or the Party's counsel participated in the drafting of this Agreement.

23.    **CAPTIONS AND INTERPRETATIONS**.    Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any provision hereof.

12/27/12                                    6

24. **CLASS COUNSEL SIGNATORIES.** It is agreed that because the members of the Settlement Class are numerous, it is impractical to have each member of the Settlement Class execute this Agreement. The class notice will advise all members of the Settlement Class of the binding nature of the release, which shall have the same force and effect as if this Agreement was executed by each member of the Settlement Class.

25. **NO ADMISSION.** This Agreement and compliance with this Agreement shall not be construed as an admission by any Defendant of any liability whatsoever, or as an admission of any violation of the rights of Plaintiff or any person. The Defendants specifically deny and disclaim any liability to Plaintiff or any other person for any alleged violation of the rights of Plaintiff or any person, or for any alleged violation of any order, law, statute, duty, common law rule or contract.   The Defendants other than Interstate Plumbing further deny specifically that they, at any time, were "employers" as defined by the WARN Act of Plaintiff or any other member of the Settlement Class.

26. **CHOICE OF LAW.** This Agreement shall be governed by and construed in accordance with the laws of the State of Nevada.

27. **CONTINUING JURISDICTION OF THE COURT.** Following final approval of the Settlement by the court, the court shall have exclusive jurisdiction over this Settlement and any dispute or controversy arising from or related to the interpretation or enforcement of this Settlement.

28. **AMENDMENTS.** This Agreement may not be changed, modified, amended, or contradicted except in a writing signed by all the Parties hereto. The foregoing notwithstanding, for any amendment that does not affect Interstate Plumbing's obligation to file an amended Schedule E (as set out in Section 11), it shall not be necessary for the amendment to be executed by any representative of Interstate Plumbing other than by its Trustee in Bankruptcy.

29. **MULTIPLE COUNTERPARTS.**   This Agreement may be signed in counterparts exchanged by facsimile or PDF email attachments, and such counterparts shall be effective and binding to the same extent as the original signatures.

30. **INDEPENDENCE.** Each of the Parties represent and acknowledge to the others that they have read the Agreement, and that each Party knows, understands, and fully appreciates each Party's rights with respect to the claims and cause of action herein settled, released, and assigned, and those which are not. The Parties understand and assent to the terms and provisions herein voluntarily and of their free will, and by executing this Agreement, signify their assent to and willingness to be bound by its terms and provisions. The Parties further acknowledge that they have been represented by counsel of their own choosing and that each Party has had a reasonable and sufficient opportunity to consult with counsel to the extent each Party desires before executing and delivering the Agreement.

31. **NO RELIANCE.** The Parties acknowledge that they have had the opportunity to conduct an investigation into the facts and evidence relevant to their decisions to enter into this Settlement. They acknowledge that, in deciding to enter into this Settlement, they have not relied on any promise, representation, or other information not contained in this Agreement, and

also have not relied on any expectation that any other Party has disclosed all material facts. By entering into this Agreement, each Party is assuming all risks that he, she or it may be mistaken as to the true facts. No Party will have a claim to rescind this Agreement on the basis of any alleged mistake, misrepresentation, or failure to disclose any fact.

32.   **BINDING EFFECT AND NON-ASSIGNMENT.**   This Settlement shall be binding upon, and inure to the benefit of the Parties as well as their representatives, heirs, executors, administrators, personal representatives, legal representatives, agents, and attorneys. This Settlement shall *not* inure to the benefit of any assignees or transferees of the Plaintiff or of Settlement Class members. Plaintiff and Settlement Class members shall not have the power or the right to assigned Settlement payments under this Agreement and any such assignment shall be void. The Parties represent, covenant, and warrant that they have not, directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights that are called for to be released by this Settlement.

33.   **ENTIRE AGREEMENT.**  This Agreement constitutes the entire and complete understanding and agreement of the Parties, and supersedes prior understandings and agreements, if any, among the Parties with respect to the subject matter hereof.

[Remainder of this page intentionally left blank]

**IN WITNESS WHEREOF**, the Parties have executed this Agreement effective as of December 27, 2012.

PLAINTIFF AND THE SETTLEMENT CLASS

_Eve E. m. Borton_
By Eve Borton, Plaintiff

By Amy Simonson, Wingert Grebing Brubaker & Juskie LLP
Of attorneys for Plaintiff and Class Counsel

INTERSTATE PLUMBING, LLC
INTERSTATE PLUMBING ACQUISITIONS, LLC

_____
By Trustee William A. Leonard, Jr.

PIPEWRENCH II, INC.


By _____
Its _____

G-2 CAPITAL ADVISORS, LLC


By _____
Its _____

SANKATY ADVISOR, LLC


By _____
Its _____


Firmwide:113458615.6 062858.1007

**IN WITNESS WHEREOF**, the Parties have executed this Agreement effective as of December 27, 2012.

PLAINTIFF AND THE SETTLEMENT CLASS

_____
By Eve Borton, Plaintiff

_____
By Amy Simonson, Wingert Grebing Brubaker & Juskie LLP
Of attorneys for Plaintiff and Class Counsel

INTERSTATE PLUMBING, LLC
INTERSTATE PLUMBING ACQUISITIONS, LLC

_____
By Trustee William A. Leonard, Jr.

PIPEWRENCH II, INC.

By _____
Its _____

G-2 CAPITAL ADVISORS, LLC

By _____
Its _____

SANKATY ADVISOR, LLC

By _____
Its _____

Firmwide:113458615.6 062858.1007

**IN WITNESS WHEREOF,** the Parties have executed this Agreement effective as of December 27, 2012.

PLAINTIFF AND THE SETTLEMENT CLASS

_____
By Eve Borton, Plaintiff

_____
By Amy Simonson, Wingert Grebing Brubaker & Juskie LLP
Of attorneys for Plaintiff and Class Counsel

INTERSTATE PLUMBING, LLC
INTERSTATE PLUMBING ACQUISITIONS, LLC

_____
By Trustee William A. Leonard, Jr.

PIPEWRENCH II, INC.

_____
By _____MICHAEL EWALD_____
Its _____AUTHORIZED SIGNATORY_____

G-2 CAPITAL ADVISORS, LLC

_____
By _____
Its _____

SANKATY ADVISOR, LLC

_____
By _____
Its _____Michael Ewald_____
_____Managing Director_____

Firmwide:113458615.6 062858.1007

12/27/12                                            9

**IN WITNESS WHEREOF**, the Parties have executed this Agreement effective as of December 27, 2012.

PLAINTIFF AND THE SETTLEMENT CLASS


_____
By Eve Borton, Plaintiff


_____
By Amy Simonson, Wingert Grebing Brubaker & Juskie LLP
Of attorneys for Plaintiff and Class Counsel

INTERSTATE PLUMBING, LLC
INTERSTATE PLUMBING ACQUISITIONS, LLC


_____
By Trustee William A. Leonard, Jr.

PIPEWRENCH II, INC.


By _____
Its _____

G-2 CAPITAL ADVISORS, LLC

By _____
Its _____

SANKATY ADVISOR, LLC


By _____
Its _____


Firmwide:113458615.6 062858.1007

**EXHIBIT B**

**NOTICE TO CLASS**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION CONCERNING "WARN ACT" CLAIMS**

*The United States District Court, District of Nevada, authorized this notice.*
*This is not a solicitation from a lawyer.*

**If You Are A Former Employee Of Interstate Plumbing & Air Conditioning, LLC, To Whom A Copy Of This Notice Was Mailed, You Are Entitled To Benefits Under This Settlement.**

**Please Read This Notice Carefully. Your Legal Rights Are Affected Whether You Act or Not.**

**If You Wish To Participate In The Settlement Described In This Notice, You Do Not Have To Take Any Action.  You Will Automatically Be Included In The Settlement If You Do Nothing.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **PARTICIPATE IN THE SETTLEMENT** | If you agree with the proposed settlement, you do not have to take any action to be included in the settlement. If the Court approves the settlement, you will be entitled to receive benefits under the settlement, subject to the terms as explained below. |
| **EXCLUDE YOURSELF** | You may exclude yourself from the settlement. Sections 13 through 15 below explain this option. You will not be entitled to participate in the settlement if you choose this option. |
| **OBJECT OR COMMENT** | You may write the Court about why you do, or do not, like the settlement. You must elect to remain in the class and participate in the settlement to be able to comment in support of or in opposition to the settlement. |
| **ATTEND THE HEARING** | You may file an objection or comments with the Court and request an opportunity to speak to the Court about the fairness of the settlement. |

These rights and options — and the deadlines to exercise them — are explained in this notice.

The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after the time to appeal has expired or any appeals are resolved.

**BASIC INFORMATION**

**1. Why did I get this notice?**

You have received this notice because the records of Interstate Plumbing & Air Conditioning, LLC ("Interstate Plumbing") indicate that you worked for Interstate Plumbing in the Las Vega area; that you were terminated from your employment on or after July 10, 2011; that you were not known to have been terminated for cause; and that you were not a "Construction Site Worker" as defined in the settlement.

The Court authorized us to send you this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves the settlement, and after the time to appeal has expired or any appeals are resolved, the payments that the settlement provides will be made.

This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. This notice also explains how you may be excluded from the settlement if you wish to be excluded.

The Court in charge of the case is the United States District Court for the District of Nevada, and the case is known as *Eve Borton v. Interstate Acquisitions, LLC, et al.*, Case No. 2:11-cv-01580-APG-NJK. The person who sued is called "Plaintiff" or the "Settlement Class Representative," and the companies she sued, Interstate Plumbing & Air Conditioning, LLC, Interstate Acquisitions, LLC, Pipewrench II, Inc., G-2 Capital Advisors, LLC and Sankaty Advisors, LLC, are collectively referred to as "Defendants."

### 2.   What is this lawsuit about?

Plaintiff alleges that Defendants violated a federal law known as the WARN Act by ordering plant closings and/or mass layoffs on or about August 15, 2011, without providing 60 days' advance notice of termination to the employees, and that as a consequence of this failure, employees like you have a claim against Defendants consisting of your wages and benefits for the 60-day period beginning on August 15, 2011.

Defendants deny all of Plaintiff's allegations and have asserted numerous defenses against these claims, including their belief that Defendants were not obligated to provide 60 days' notice under the applicable law, and that the Defendants other than Interstate Plumbing were not your "employer" for purposes of the WARN Act. Defendants are entering into this settlement, among other reasons, to avoid burdensome and costly litigation. The settlement is not an admission of wrongdoing or an indication that any law was violated.

### 3.   Why is this a class action?

Plaintiff filed this case as a class action because she alleges numerous employees were affected by Defendants' alleged violation of the WARN Act and have claims similar to her own. The people with similar claims are referred to as class members. In a class action, one court resolves the issues for all class members, except for those who exclude themselves from the class.  The Court has certified this case as a class action, but only for purposes of the proposed settlement.  The Court has not decided whether this case should be certified as a class action for purposes of deciding the merits of the case.  If the Court decides not to grant final approval of the settlement for any reason, the Settlement Class will be decertified (voided), and the parties will proceed with litigation of the case.

### 4.   Why is there a settlement?

Litigation is costly, risky, takes a long time, and neither side in this case could predict the outcome or guarantee victory. This case was investigated by both sides. The Court did not decide in favor of Plaintiff or Defendants. Rather, the parties, after lengthy negotiations, agreed to settle the case instead of going forward with litigation and a trial, which would create many risks and delays. One risk is that even if Plaintiff was ultimately successful at trial, there may not be any funds to pay the whole judgment or any part of it because Interstate Plumbing and Interstate Acquisitions, LLC, have filed for bankruptcy. Also, if the case were to go to trial, the losing party might appeal, which could delay the case for years. This settlement avoids the costs and risks associated with trial and an appeal, while providing significant cash benefits to members of the class soon.

The Settlement Class Representative and her attorneys, who have been appointed as class counsel by the Court ("Class Counsel"), think that the settlement is the best course for the Settlement Class Members. The Court has also granted preliminary approval of the settlement.

### 5.   Why did I receive a Notice to Creditors in addition to this Notice of Proposed Settlement?

Interstate Plumbing and Interstate Acquisitions have filed bankruptcy.   Because you are a WARN Act claimant against those entities, you have been listed as a contingent creditor in their bankruptcy proceeding.  The Bankruptcy Trustee is obligated to provide notice to all creditors of settlements that affect the assets of the bankruptcy estate, which includes this WARN Act settlement.  If you agree with

the WARN Act settlement described in this notice, you do not need to do anything in response to the Notice to Creditors.

## WHO IS IN THE SETTLEMENT

### 6. How do I know if I am part of the settlement?

You are receiving this Notice because Interstate Plumbing's employment records reveal you qualify as a member of the "Settlement Class." The "Settlement Class" consists of all employees of Interstate Plumbing who worked in the Las Vegas area and who were terminated on or after July 10, 2011, but excluding (a) employees known to have been terminated for cause, as stated in the data provided by Defendants to Plaintiff, and (b) the Construction Site Workers. The excluded "Construction Site Workers" are defined as those workers coded in Interstate Plumbing's payroll data as Department Code 10 (Direct Job Cost), provided that employees coded as Direct Job Cost are nonetheless included as Settlement Class members if they were doing any of the following types of work (as shown by the employee's job title and/or cost center description in Interstate Plumbing's payroll data): Supervisor, engineer, project manager, service worker, shop and warehouse labor and administrative jobs. For avoidance of doubt, workers coded as Department Code 10 (Direct Job Cost) with job titles of site foreman are not included, and will not be included, as Settlement Class members. If you are not a "Construction Site Worker" and you otherwise fall within the foregoing definition of the Settlement Class, then you are a Settlement Class Member and you are part of the settlement, unless you take action to opt out of the class. If you are unsure whether you fall within this definition, please contact Class Counsel at the phone numbers provided in Sections 13 and 18 below.

### 7. Are there exceptions to being included?

All people who timely request exclusion will not be included in the settlement. See Sections 13 and 15 below.

## THE SETTLEMENT BENEFITS

### 8. What does the settlement provide?

Interstate Plumbing has agreed to pay a total settlement amount of up to $950,000.00 in full settlement of the claims of the Settlement Class. This amount includes all payments to the Settlement Class Members, Class Counsel's attorneys' fees and expenses, and costs of administration of the settlement. The Settlement Agreement provides payments made to Class Members shall not exceed $773,000. No portion of the $773,000 shall be used for anything other than payment of benefits to Class members pursuant to the settlement.

The settlement provides for an award of attorney's fees and costs, subject to approval by the Court, which shall not exceed $150,000.00. The amounts set aside for payment of attorney's fees and costs are separate from, and do not affect the total aggregate amount that may be paid to Class Members.

The settlement distribution will be administered by an independent claims administrator ("Claims Administrator") approved by the Court. The settlement provides the Claims Administrator will be engaged for a fixed fee that is not to exceed $25,000.00. The amounts set aside for payment of the Claims Administrator are separate from, and do not affect the total aggregate amount that may be paid to Class Members.

Each Class Member who does not choose to exclude him or herself from the settlement will receive 60-days straight-time pay, less any pay that was paid to the Class Member during the 60-day period beginning on August 15, 2011, subject to the aggregate cap of $773,000 for all Class Members (the "Payments to Class Members"). The method of calculation is set forth in Section 9 below.

The Payments to Class Members will be subject to income tax withholding.

### 9. What can I get from the settlement?

The Payments to Class Members will be paid to Settlement Class Members who do not elect to be excluded from the settlement. Those individuals are referred to as "Settlement Class Members." The parties have endeavored to calculate the Payments to Class Members in a fair way. They have created a formula based upon each Settlement Class Member's daily straight-time rate of pay. Each Settlement Class Member's daily straight-time pay rate will be multiplied by 45 "work days," because there were an estimated 45 actual workdays during the 60-day period Plaintiffs contend is the appropriate WARN damages calculation period (August 15, 2011 through October 14, 2011). This amount is reduced by the pay that was paid to you by Interstate Plumbing during that 60-day period. For the small number of Settlement Class Members for whom this calculation results in a negative number, a nominal payment ($100) will be made.

Below is an example of how the formula works. **This is an example only, not the amount of money you will receive if you participate in the settlement.**

**Employee A's average hourly rate is $20, she worked full time, and she received $1,000 in pay during the 60-day period beginning August 15, 2011.**

| | |
|---|---|
| **Predetermined Work Days**<br>(Same for each Class Member) | **45** |
| **Multiplied by Daily Rate** | **$160** |
| **Subtotal** | **$7,200** |
| **Minus Pay Received during 60-day period beginning August 15, 2011** | **($1,000)** |
| **Employee A's Settlement Payment\*** | **$6,200\*** |

Your settlement payment will be reduced by applicable payroll taxes and other required withholdings.

\*This is only an example. Your actual payment will vary from this figure. Also, the final settlement payments are subject to the aggregate cap of $773,000 for all Payments to Class Members. That aggregate cap is not expected to reduce any Class Member's settlement payment, however. The parties may make adjustments to the settlement formula during the administration process.

## HOW TO PARTICIPATE IN THE SETTLEMENT

10.     How can I get a payment?

*If you are satisfied with the proposed settlement and want to participate in the settlement and receive your distribution, <u>you do not need to do anything</u>.*

11.     When would I get my payment?

Class action settlements require court oversight as well as notice to all class members. This takes time. Interstate Plumbing is not required to pay the settlement until at least three things occur. First, notice must be provided to the Settlement Class Members, so that they will have time to read this notice and respond (for example, by excluding themselves, by objecting or by doing nothing). Notice must also be provided to the creditors in the Interstate bankruptcies. After the notice period has expired, the Court will hold a Fairness Hearing and decide whether it should grant final approval of the settlement. Assuming the settlement is finally approved, Interstate Plumbing will not have to pay the settlement until the time for appeal has expired. If there is an appeal, it will add at least one year, but probably more, to the time when you receive payment.

If 10% or more of the Settlement Class Members choose to be excluded from the settlement, Defendants have the right to decide not to go forward with the settlement. If this were to happen, all of the Settlement Class Members

would be in the same position as if the settlement never existed, meaning the litigation would move forward. However, Class Counsel encourages Settlement Class Members to participate in the settlement.

**12.      What am I giving up if I stay in the class?**

Unless you elect to exclude yourself, you are staying in the Settlement Class and accepting the settlement. You will be deemed to have entered into a "Release of Claims" that is part of the written settlement in this case, and you would be subject to and legally bound by all of the Court's orders.  You should understand that the "Release of Claims" is broad, and releases all claims against the Defendants and any and all other persons and entities that are alleged, or that reasonably arise out of the facts alleged, in the action filed in District Court and the related action filed in the Bankruptcy Court (which has now been consolidated with the District Court action).

In addition, if you filed a proof of claim asserting claims for your employer's alleged failure to provide adequate notice under the WARN Act or for severance, back pay or benefits arising out of the termination of your employment by Interstate Plumbing, whether based on the WARN Act or any other federal, state or local law, regulation or ordinance, and you participate in the settlement, your proof of claim relating to such claims will be deemed withdrawn and/or disallowed.

The Release of Claims means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants in this case, or against anyone else, about the legal issues that arose because of Defendants' alleged violation of the WARN Act or for back pay, severance or benefits arising out of the termination of your employment.

The following "Release of Claims" describes the legal claims you are giving up:

> Upon the Settlement becoming Final (and except as to such rights or claims as are created by this Settlement Agreement) the Settlement Class, each member of the Settlement Class, and the Plaintiff fully release and discharge any and all persons and entities from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged, or that reasonably arise out of the facts alleged, in the District Court Action [*Borton v. Interstate Acquisitions, LLC, et al.*, U.S. District Court for Nevada, Case No. 2:11-cv-01580] and the Adversary Action [*Borton v. Interstate Plumbing & Air Conditioning LLC*, U.S. Bankruptcy Court, District of Nevada, Adv. Proceeding No. 12-1017].  The scope of the persons and entities released includes specifically, and without limitation, Interstate Plumbing [& Air Conditioning, LLC]; Interstate Acquisitions[, LLC]; William A. Leonard, Jr., Chapter 7 Trustee of the Interstate entities; Pipewrench [II, Inc.]; G2 [Capital Advisors, LLC]; Sankaty [Advisors, LLC]; and each of their respective present and former subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, successors and assigns.

The "Release of Claims" is also set forth in full in the Settlement Agreement. (See Section 24 below for how you may obtain a copy.)

<u>**EXCLUDING YOURSELF FROM THE SETTLEMENT**</u>

If you do not want to receive payment under this settlement, and you want to keep the right to assert your claim(s) against Defendants  on your own that are related to the legal issues in this case or your claims for alleged WARN or severance damages, then you must take steps to exclude yourself from the class. This is sometimes referred to as "opting out" of the class.

**13.      How do I opt out of the class and the settlement?**

If you do not wish to be part of the settlement, you must mail a letter to the address below, postmarked no later than _____, that says you want to be excluded from the Settlement Class in *Borton v. Interstate Acquisitions, LLC*, Case No. 2:11-cv-01580.  Include your name, address, social security number, and telephone number, and sign your request.

Wingert Grebing Brubaker & Juskie, LLP
c/o Amy L. Simonson, Esq.
600 West Broadway, Suite 1200
San Diego, CA 92101
619-232-8151

If you elect to opt out you will not receive any payment as a result of the settlement, and you cannot object to the settlement. Also, you will not be legally bound by the settlement or anything else that happens in this lawsuit. Instead, you may still be able to sue (or continue to sue) or pursue your proof of claim through the bankruptcy case.

**14.    If I don't exclude myself, can I sue Defendants for the same thing later?**

No. Unless you exclude yourself now, you give up any right to sue Defendants and others for the claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from the Settlement Class to be able to continue your own lawsuit against Defendants or others in connection with any claims included within the Release of Claims.

**15.  If I exclude myself, can I get money from this settlement?**

No. If you exclude yourself, you cannot participate in the settlement. However, you will then be able to pursue your own lawsuit, if you choose, and if you filed a proof of claim seeking damages for an alleged violation of the WARN Act in the bankruptcy case, you may continue to pursue that proof of claim at your own expense. If you opt out of the settlement, Defendants reserve their right to defend any separate lawsuit, and to object to your proof of claim, on any available grounds, including the defenses raised in this class action.

<u>**THE LAWYERS REPRESENTING YOU**</u>

**16.    Do I have a lawyer in the case?**

Settlement Class Members are represented by James A. Mangione, Stephen C. Grebing and Amy L. Simonson of Wingert Grebing Brubaker & Juskie, LLP, One America Plaza, 600 West Broadway, Suite 1200, San Diego, CA 92101. They are counsel for the Settlement Class, and they are called Class Counsel. You are free to hire a different lawyer at your own expense.

**17.    How will the lawyers be paid?**

Class Counsel will request from the Court an award of attorney's fees and costs as approved by the court in an amount not to exceed $150,000.00.  The Court may award less than these amounts. The amounts awarded by the Court will not be paid from the Payments to Class Members described in Sections 8 and 9 above.

<u>**OBJECTING TO OR COMMENTING ON THE SETTLEMENT**</u> You can tell the Court that you do or do not agree with the settlement or some part of it.

**18.    How do I tell the Court that I do or don't like the settlement?**

If you do not opt out and, therefore, you are a Settlement Class Member, you can object to or comment on the settlement if you do or do not like any part of it. You can give reasons why you think the Court should or should not approve it. The Court will consider your views. To object or comment, you must send a written statement explaining your views on the settlement.  The statement must state that you are submitting it in the case of "*Eve Borton, et al. v. Interstate Acquisitions, LLC, et al.*, Case No. 2:11-cv-01580-APG-NJK."  Be sure to include your name, address, telephone number, and your signature. Your objection or comment will not be heard unless it is mailed to the addresses below, postmarked no later than _____:

**THE COURT:**

Clerk of the United States District Court for
the District of Nevada
333 Las Vegas Blvd., South
Las Vegas, NV 89101
(702) 464-5400

**CLASS COUNSEL:**

James A. Mangione, Esq.
Stephen C. Grebing, Esq.
Amy L. Simonson, Esq.
Wingert Grebing Brubaker & Juskie LLP
600 West Broadway, Suite 1200
San Diego, CA 92101
1-619-232-8151

**DEFENDANTS' COUNSEL**

Daniel L. Thieme, Esq.
Rachelle Wills, Esq.
LITTLER MENDELSON, P.C.
One Union Square
600 University St., Suite 3200
Seattle, WA 98101-3122
(206) 623-3300
Counsel for Defendants *Other Than* the
Interstate Entities.

**DEBTOR'S COUNSEL**

Thomas H. Fell, Esq.
3960 Howard Hughes Pky, 9th Floor
Las Vegas, NV 89169

**TRUSTEE'S COUNSEL**

Elizabeth E. Stephens, Esq.
Sullivan Hill Lewin Rez & Engel
228 S. Fourth Street, First Floor
Las Vegas, NV 89101
(702) 382-6440

Only Settlement Class Members who object to the proposed settlement in accordance with these procedures will be permitted to appeal or otherwise seek review of any decision by the Court approving the proposed settlement. Settlement Class Members who fail to present objections to the proposed settlement in that manner shall be deemed to have waived any such objections and shall be forever foreclosed from making any objections (by appeal or otherwise) to the proposed settlement.

**19.    What's the difference between objecting and excluding myself?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend, and you may ask to speak, but you don't have to.

**20.    When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing on _____ at _____ p.m., in Courtroom No. ___, United States District Court for the District of Nevada, 333 Las Vegas Blvd., South, Las Vegas, NV 89101. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. The Court may also decide how much to pay to Class Counsel at this hearing. If there are objections to the settlement, the Court will consider them. The judge hearing the case will listen to people who have filed a Notice of Intention to Appear at the hearing, as explained in Section 22 below. The date and time of the Fairness Hearing is subject to change without further notice. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**21.    Do I have to come to the hearing?**

No. Class Counsel will answer any questions the judge may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but that is not required.

**22.    May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Eve Borton, et al. v. Interstate Acquisitions, LLC, et al.*, Case No. 2:11-cv-01580." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than _____, and must be sent to (1) the Clerk of the United States District Court for the District of Nevada, (2) Class Counsel, (3) Debtors' Counsel, and (4) Defendants' Counsel at the addresses listed in Section 18 above. You cannot speak at the hearing if you opt out of the settlement.

## IF YOU DO NOTHING

**23.    What happens if I do nothing at all?**

If you do nothing, you'll receive your cash payment under the terms of the settlement if the Court approves the settlement. But unless you opt out, you won't be able to start a lawsuit, continue with a lawsuit, pursue a proof of claim for alleged WARN damages or be part of any other lawsuit against Defendants or others about the legal issues in this case.

## GETTING MORE INFORMATION

**24.    Are there more details about the settlement?**

This notice summarizes the settlement. More details of the settlement are contained in the Settlement Agreement. Copies of the Settlement Agreement and the pleadings and other documents relating to the case are on file at the United States District Court for the District of Nevada and may be examined and copied at any time during regular office hours

at the Office of the Clerk, at the address listed in Section 18 above. You may also contact Class Counsel identified above and they will send or email you copies.

**25.      How do I get more information?**

If you have questions, please contact one of the Class Counsel identified in Section 18.

Dated this _____ day of _____, 2013.

**DO NOT CALL THE COURT OR THE OFFICE OF THE UNITED STATES TRUSTEE REGARDING THIS MATTER.**

**EXHIBIT C**

**IMPLEMENTATION SCHEDULE**

**EXHIBIT C**

**IMPLEMENTATION SCHEDULE**

| | |
|---|---|
| Deadline for Defendants to submit Class Information to Class Counsel. | 5 business days from Order granting Preliminary Approval |
| Deadline for Class Counsel to mail Notice to Class Members | 10 business days from entry of Order granting Preliminary Approval |
| Deadline for Class Members to postmark Opt Out notice to Class Counsel | 30 calendar days from date of mailing Class Notice (to be specified by date in Notice prior to mailing) |
| Deadline for Class Members to file written objections | 30 calendar days from date of mailing Class Notice (to be specified by date in Notice prior to mailing) |
| Deadline for Class Counsel to provide Defendants with Opt Out information | 35 calendar days from date of mailing Class Notice |
| Deadline for Defendants to rescind settlement (if applicable) | 10 business days from Defendants' receipt of Opt Out information from Class Counsel |
| Deadline for Class Counsel to file Motion for Attorney Fees & Costs | October 28, 2013, 7 calendar days prior to hearing on Class Counsel's Motion for Attorney's Fees & Costs |
| Hearing on Class Counsel's Motion for Attorney's Fees & Costs | November 4, 2013 @ 10:00 a.m. |
| Deadline to provide identity of Claims Administer to Class Counsel | 14 calendar days prior to hearing on Class Counsel's Motion for Final Approval |
| Deadline for Class Counsel to file Final Approval/Fairness Motion | October 28, 2013, 7 calendar days prior to hearing on Class Counsel's Motion for Final Approval |
| Hearing on Motion for Final Approval | November 4, 2013 @ 10:00 a.m. |
| Defendants to establish settlement fund in the amount of up to $950,000.00 | 30 calendar days plus 15 business days from date of entry of Final Approval Order, if no appeal is filed. |
| Deadline for Settlement Fund Administrator to issue Class Counsel payment | As soon as reasonably practicable after date Settlement Fund is established |
| Deadline for Settlement Fund Administrator to verify correct mailing information for each Class Member | As soon as reasonably practicable after date Settlement Fund is established |
| Deadline for Settlement Fund Administrator to mail Class Member payment | As soon as reasonably practicable after date Settlement Fund is established |