# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EVE BORTON, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>INTERSTATE ACQUISITIONS, LLC, a Delaware limited liability company; INTERSTATE PLUMBING & AIR CONDITIONING, LLC, a Nevada limited liability company; PIPEWRENCH II, INC., a Delaware Corporation; G-2 CAPITAL ADVISORS, LLC, a Delaware limited liability company; SANKATY ADVISORS, LLC, a Delaware limited liability company; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 2:11-cv-01580-MMD-NJK<br>(Consolidated with Case No.: 2:13-cv-00349-MMD-GWF)<br><br>**[PROPOSED]** ORDER FINALLY APPROVING SETTLEMENT AND DISMISSAL<br><br>Judge:   Hon. Miranda M. Due<br>Mag.:    Hon. Nancy J. Koppe<br>Date:     November 12, 2013<br>Time:    10:00 a.m. |

///
///
///
///
///

WHEREAS, on July 10, 2013, the Court entered its Order Preliminarily Approving Class Action Settlement (Dkt. #60) (the "Preliminary Order"); and

WHEREAS, individual notice complying with Fed. R. Civ. P. 23 was sent to the last-known address of each member of the Settlement Class; and

WHEREAS, counsel for the parties have reported that no member of the Settlement Class has objected to the settlement or requested to be excluded from the Settlement Class; and

WHEREAS, a hearing on final approval of the settlement was held before the Court on November 12, 2013, at 10:00 a.m.; and

WHEREAS, the Court, being advised, finds that good cause exists for entry of the below Order,

**IT IS HEREBY FOUND, ORDERED, ADJUDGED AND DECREED THAT:**

1. Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in the Settlement Agreement, dated December 27, 2013 (the "Settlement Agreement"), previously filed with this Court.

2. The Court finds that notice to the Settlement Class has been completed in conformity with the Preliminary Order. The Court finds that this notice was the best notice practicable under the circumstances, that it provided due and adequate notice of the proceedings and of the matters set forth therein, and that it fully satisfies all applicable requirements of law and due process.

3. The Court finds it has personal jurisdiction over all members of the Settlement Class, and subject matter jurisdiction over all claims asserted in the Complaints in both cases that have been consolidated herein.

4. The Court finds that Plaintiff and Class Counsel adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement.

5. The settlement of this class action on the terms set forth in the Settlement Agreement is approved as being fair, adequate and reasonable in light of the degree of recovery obtained in relation to the risks faced by the Settlement Class in litigating the claims. The Settlement Class is properly certified as a class as part of this settlement. The relief with respect to the Settlement Class is appropriate, as to the individual members of the Settlement Class and as a whole.

WINGERT GREBING BRUBAKER & JUSKIE LLP

6. The Court directs the parties and their counsel to implement and consummate the Settlement Agreement in accordance with its terms and provisions.

7. The settlement is binding on all members of the Settlement Class. The Settlement Class is defined as follows:

> All employees of Interstate Plumbing who worked in the Las Vegas area and who were terminated on or after July 10, 2011, but excluding (a) employees known to have terminated for cause, as stated in the data provided by Defendants to Plaintiff, and (b) the Construction Site Workers. The excluded "Construction Site Workers" are defined as those workers coded in Interstate Plumbing's payroll data as Department Code 10 (Direct Job Cost), provided that employees coded as Direct Job Cost are nonetheless included as Settlement Class members if they were doing any of the following types of work (as shown by the employee's job title and/or cost center description in Interstate Payroll's payroll data): Supervisor, engineer, project manager, service worker, shop and warehouse labor and administrative jobs. For avoidance of doubt, workers coded as Department Code 10 (Direct Job Cost) with job titles of site foreman are not included, and will not be included, as Settlement Class members.

8. The persons who comprise the Settlement Class, as defined above, are the 111 persons listed on Exhibit 1 attached hereto. In the event of any conflict between the foregoing definition, and the list of 111 persons attached hereto as Exhibit 1, the list of 111 persons attached hereto as Exhibit 1 shall control.

9. As of the date the Settlement becomes Final, as specified in Section 2 of the Settlement Agreement (the "Effective Date"), all members of the Settlement Class shall be bound by the terms of the Settlement Agreement. This includes, without limitation, that as of the Effective Date, all members of the Settlement Class shall conclusively be deemed to have released all settled claims as described in Section 7 of the Settlement Agreement, which provides:

> Upon the Settlement becoming Final (and except as to such rights or claims as are created by this Settlement Agreement) the Settlement Class, each member of the Settlement Class, and the Plaintiff fully release and discharge any and all persons and entities from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged, or that reasonably arise out of the facts alleged, in the District Court Action [*Borton v. Interstate Acquisitions, LLC, et al*, Case No. 2:11-cv-01580] and the Adversary Action [*Borton v. Interstate Plumbing & Air Conditioning, LLC, et al.*, Case Number 11-25053]. The scope of the persons and entities released includes specifically, and without limitation, Interstate Plumbing [& Air Conditioning, LLC]; Interstate Acquisitions[, LLC]; William A. Leonard, Jr., Chapter 7 Trustee of the

      Interstate entities; Pipewrench [II, Inc.]; G[-]2 [Capital Advisors, LLC]; Sankaty [Advisors, LLC]; and each of their respective present and former subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, successors and assigns.

10.    As of the Effective Date, all members of the Settlement Class are barred and enjoined from filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims or causes of action released as defined in the Settlement Agreement.

11.    Neither this Order nor any aspect of this settlement is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of any Defendant.  In particular, and without limiting the generality of the foregoing, nothing in this Order or in this settlement shall be offered or construed as an admission of, or evidence of, liability, wrongdoing, impropriety, responsibility or fault whatsoever by any Defendant or by the employees or agents of any Defendant.  In addition, and also without limiting the generality of the foregoing, nothing about this Order or the settlement shall be offered or construed as an admission or evidence of the propriety or feasibility of certifying a class in any other action for adversarial, rather than settlement, purposes.

12.    The parties are hereby authorized, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement as (i) are consistent in all material respects with this Order, and (ii) do not limit the rights of the members of the Settlement Class.

13.    The Clerk shall enter final judgment dismissing this action on the merits with prejudice. The claims that are thereby dismissed shall include all claims encompassed by the release set out in the Settlement Agreement.  The order of dismissal shall not award costs or attorneys' fees to any party, provided that attorneys' fees and costs are to be paid as specified in the Settlement Agreement and this Court's Order on Class Counsel's Motion for Attorneys' Fees.

14.    The dismissal of this case is without prejudice as to the rights of the parties to enforce the terms of the Settlement Agreement and the rights of Class Counsel to seek attorney fees and costs as provided in the Settlement Agreement.  Without affecting the finality of this Order, or the judgment

1  to be entered pursuant hereto, in any way, the Court retains jurisdiction over this matter for purposes of
2  resolving any disputes, which may arise under the Settlement Agreement.

4  DATED: November 12, 2013                By: _____
5                                                Hon. Miranda M. Du

WINGERT GREBING BRUBAKER & JUSKIE LLP

EXHIBIT 1
MEMBERS OF THE SETTLEMENT CLASS

| | |
|---|---|
| AARON ALLARD | JOHN CARDUCCI |
| ADRIANA JONES | JOHN DICILLO II |
| ALAN CARDUCCI | JOSHUA SILVERSTEIN |
| ALBERT VACHON | JOSUE LOPEZ |
| AMPARO MOJARRO | JUAN ALBERTO GALINDO |
| ANDREW DICK | JUAN CARDOZA |
| ANGELA GANSCHOW | JUAN GARCIA |
| ANNETTE LARSEN | JUNIOR ROGERS |
| ARLENE PERKINS | KERRY SCHRECK |
| BARRY BARNES | KRISTE MCBRIDE |
| BENJAMIN REYES | LEONICIO ESCOBAR |
| BEVERLY WOLF | LINDA SIMMONS |
| BRADLEY NEWHALL | LISA ALBERTS |
| BRENDEN CARDUCCI | LOUIS CURREN |
| BRIAN KENNISON | MARIO ARCO |
| CALVIN FAULEY | MARK FLETCHER |
| CARL JOHNSON | MARK LACIVITA |
| CARLOS REYNOSO | MARK TORCULAS |
| CATALINA DE LEON | MARTIN PACHECO-LOPEZ |
| CEIL CARTWRIGHT | MELISSA VITALI |
| CHARLES ALLEN | MICHAEL CARVER |
| CHARLES WASHINGTON JR. | MICHAEL RILLER |
| CHRISTIAN VILLEGAS | NICOLLE CANFIELD |
| CHRISTINE POWELL | PATRICIA PINSON |
| CHRISTOPHER DIMAS | PATRICK WILKINSON |
| CHRISTOPHER VACHON | PAUL TULLGREN |
| CRAIG JACKSON | RAFFI ALAKHVERDYAN |
| CURTIS MCCOY | RANDALL VERHOFF |
| DANIEL BROWN | RAUL ESQUIVEL |
| DANIEL MONTEROS | RAY FRENCH |
| DAVID HUGHES | RICARDO CHINCHILLAS |
| DELINDA FAULEY | RICHARD PFEIL |
| DENISSE MARTINEZ-MATEO | RICHARD WENZEL |
| DONNA ROCCOFORTE | ROBERT FLORES |
| DOUGLAS ROUNDY | ROBERT GARBUTT |
| EDWARD DESCHAINE | SCOT PETROFF |
| EDWARD DEWEES | SCOTT WHITE |
| ERIC MORENO | SEAN RONAN |
| EVE EM BORTON | SERGIO GARCIA |
| FIDEL AGUDO | SHANNA WILLIAMS |
| FRANK GRIEGORIAN | SHAWNA CANSDALE |
| FREDY SERRANO | SHELBY HOPKINS |
| GEORGE HOLDREN | SIERRA GULDEN |
| GERARDO ESPARZA | STACEY ZORN |
| GLENN WOLF | STACY HUTCHINSON |
| GREGORY MUNSELL | STEPHEN SCHMID |
| HUBERT RAMIREZ-BAUTISTA | STEPHEN STOWERS |
| ISAAC RICHARDSON | STEVEN HONG |
| JAMES BRADFORD | TANNER RUBIO |
| JAMES GARNER | TAYLER GANSCHOW |
| JAMES MALONE | TERHI MATINAHO |
| JAMES MANNING | THOMAS NOBLE |
| JASON EKENSTEN | TIMON YANCHISIN |
| JASON FORSGREN | VINCENT CABANO |
| JAVIER JURADO | WENDY MCHENRY |
| JESUS BARRAZA | |

WINGERT GREBING BRUBAKER & JUSKIE LLP

STEPHEN C. GREBING, ESQ., 005972
JAMES A. MANGIONE, ESQ., 99053
AMY L. SIMONSON, ESQ., 241781
WINGERT GREBING BRUBAKER & JUSKIE LLP
600 West Broadway, Suite 1200
San Diego, CA 92101-3370
Telephone:  (619) 232-8151
Facsimile:  (619) 232-4665

JAY KENYON, ESQ., 6376 NV
7881 W. Charleston Blvd. Suite 165
Las Vegas, NV 89117
Telephone: (702) 888-0000
Facsimile: (702) 888-0011

Attorneys for Plaintiff
**EVE BORTON, Individually and on
Behalf of all Others Similarly Situated**

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| CASE NAME : | Interstate Plumbing & Air Conditioning, LLC |
| CASE NO.: | USDC CASE NO.2:11-cv-01580-MMD-NJK |

**PROOF OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and not a party to this action.   On behalf of the law firm of Wingert Grebing Brubaker & Juskie LLP located at 600 West Broadway, Suite 1200, San Diego, CA 92101.

I declare that on November 12, 2013, I served the following document(s):

1. **[PROPOSED] ORDER FINALLY APPROVING SETTLEMENT AND DISMISSAL**

on the interested parties in this action:

☒ By CM/ECF Filing - Pursuant to FRCP 3(b)(3) and LR 5-4, the above-referenced document was electronically filed and served upon the parties listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system.

| | |
|---|---|
| Robert L. Grandgenett, II | Daniel L. Thieme |
| LITTLER MENDELSON, P.C. | Rachelle I. Wills |

1

| | |
|---|---|
| 3960 Howard Hughes Parkway, Suite 300<br>Las Vegas, NV 89169-5937 | LITTLER MENDELSON, P.C.<br>One Union Square<br>600 University St., Suite 3200<br>Seattle, WA 98101-3122 |

Elizabeth Stephens
Christine A. Roberts, Esq.

SULLIVAN, HILL, LEWIN, REZ & INGEL


    I declare under penalty of perjury that the foregoing is true and correct.  Executed on November 6, 2013, at San Diego, California.

                                                      /s/ *Amandine A. Porter*_____

                                                                  Amandine A. Porter